UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JAMES L. PACK, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 08-1357 |
| v. | ) |
| | ) |
| BRADLEY J. ROBERT, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court is Petitioner James L. Pack's Petition for Writ of Habeas Corpus [#5], pursuant to 28 U.S.C. § 2254, and Respondent's Motion to Dismiss for Lack of Subject-Matter Jurisdiction [#20]. For the reasons set forth below, the Court GRANTS Respondent's Motion [#20] and dismisses the Petition [#5] for lack of jurisdiction.

## BACKGROUND

Between 1990 and 1991, Pack was convicted in two separate Tazewell County cases after two jury trials: he was sentenced to seven years of imprisonment for aggravated criminal sexual abuse in one case and to a consecutive term of sixty years of imprisonment for aggravated sexual assault in the other.

On May 13, 1996, Pack filed his first petition for writ of habeas corpus, in the United States Court for the Central District of Illinois. In that petition, Pack challenged the judgments in both Tazewell County cases. District Judge Joe Billy McDade denied his petition on the merits, the Court of Appeals for the Seventh Circuit affirmed, and the United States Supreme Court denied his petition for a writ of certiorari.

Pack has now filed this instant petition, pursuant to 28 U.S.C. § 2254, challenging the same Tazewell County judgments.

## DISCUSSION

Under 28 U.S.C. § 2244(b)(3)(A), a habeas petitioner must obtain permission from the court of appeals *before filing* a second or successive habeas petition (emphasis added). Where the petitioner has not obtained the necessary permission, the district court lacks jurisdiction to entertain the petition. *See Burton v. Stewart,* 549 U.S. 147, 153 (2007); *Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996) ("From the district court's perspective, [§2241(b)] is an allocation of subject-matter jurisdiction to the court of appeals."); *see also In re Minarik,* 166 F.3d 591, 609 (3d Cir. 1999) (prior authorization requirement applies to any successive petition sought to be filed after April 24, 1996).

Pack's current petition is a successive habeas petition. Pack has not yet obtained permission to file his successive petition from the Court of Appeals for the Seventh Circuit, nor has he responded to Respondent's Motion to Dismiss. Accordingly, this Court lacks jurisdiction to review his petition and his petition must be dismissed.

## CONCLUSION

For the reasons set forth herein, the Court GRANTS Respondent's Motion [#20] and dismisses the Petition [#5] for lack of jurisdiction.

ENTERED this 3rd day of June, 2009.

                s/ Michael M. Mihm
                Michael M. Mihm
                United States District Judge